# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 1:20CV518 |
| | § | |
| ROBERT L. ADAMS, | § | |
| | § | |
| Defendant. | § | |

## SETTLEMENT AGREEMENT

It is agreed and stipulated by and between the United States of America, acting

through the United States Department of Justice ("United States"), and Defendant Robert

L. Adams (hereinafter jointly referred to as "the Parties"), as follows:

1.    The United States has made factual allegations against Defendant pursuant

to the False Claims Act, 31 U.S.C. § 3729 *et seq.*, as amended, under common law

principles, and under other statutory provisions, which may result in damages and civil

penalties arising from the submission of allegedly false and fraudulent claims:

        a.    Plaintiff is the United States of America, on behalf of the Railroad
        Retirement Board ("RRB") and the United States Treasury.

        b.    Defendant is Robert L. Adams ("Defendant").

        c.    The Railroad Unemployment Insurance Act, as amended, 45 U.S.C.
        § 351 *et. seq.*, provides benefits for unemployed railroad workers
        and is administered by the RRB. This program is financed by taxes
        paid by railroad employers.

   d.  According to RRB, an RRB recipient cannot claim benefits for any date that the claimant worked, accrued, or received compensation from any employer, including non-railroad employees.

   e.  Defendant received unemployment benefits from RRB in 2018.

   f.  Defendant submitted false claims to the RRB that he was not gainfully employed during a period in which he was receiving benefits.

   g.  Because of Defendant's conduct, Defendant received Federal funds in the amount of $12,520.19 to which he was not entitled.

   h.  The United States, relying on Defendant's false and fraudulent representations, made payments resulting in damages to the United States in the amount of $12,520.19.

2.  The Parties agree to settle and compromise the above-described claims as described in the terms of this Settlement Agreement (the "Agreement").

3.  Upon execution of this Settlement Agreement, an agreed Consent Judgment will be entered for the United States, and against the Defendant in the total sum of $12,520.19 and no accruing interest (the "Settlement Amount").

4.  Defendant agrees to satisfy the Settlement Agreement by making monthly payments of $300.00 to start on the **first day of August, 2021,** and to continue on the **1st** and day of each month thereafter until the Settlement Amount is paid in full.

   a.  Payments shall be made payable to **"Department of Justice"**;

      b.     Defendant shall make payments directly to:

> United States Attorney's Office
> ATTN: Financial Litigation Unit
> 110 N. College, Suite 700
> Tyler, TX   75702–7237

5.     Defendant agrees that he will immediately notify the Financial Litigation Unit of the United States Attorney's Office any time there is a change in Defendant's address.

6.     Any payment not received within five (5) working days of its due date will be considered late and Defendant may be considered in default under this Agreement.

7.     The United States has the following options in the event of a default, any one of which it may exercise at is sole option and without notice or demand to Defendant:

      a.     Declare this Agreement in default and begin immediate collection efforts to collect the full amount of its judgment.

      b.     Accept any late payment and continue the Agreement in full force and effect, without a waiver of any right to declare any future default.

      c.     Exercise any other right granted by law, or recognizable at common law or equity.

8.     In addition, **by execution of this Agreement, Defendant agrees that any Settlement Amount may be submitted to the Department of Treasury for inclusion in the Treasury Offset Program.**  Under this program, Defendant agrees that any federal payment that Defendant would normally be eligible for, may be offset and applied to the debt. **This is not a substitution for payments and is in addition to the agreed**

**monthly payments.** The Defendant agrees that the United States may file such documents and take such actions necessary to secure its interests in the Settlement Amount.

9. The parties stipulate that this debt is not dischargeable in bankruptcy as it is a debt arising from fraud. In the event of a voluntary or involuntary liquidation or reorganization by, or against, the defendant under bankruptcy, Defendant agrees not to contest or oppose any motion filed by the United States seeking relief from, or modification of, the automatic stay imposed by 11 U.S.C. § 362 (a), nor to seek relief under 11 U.S.C. § 105 or §523 to enjoin or restrain the United States from recovering full payment of the Judgment Amount. Defendant recognizes that this express waiver is in consideration for the final settlement of the alleged claims.

10. This Agreement does not affect and will not be construed to affect any administrative actions, remedies, or sanctions against Defendant which may arise from the subject matter of the lawsuit (including suspension and debarment).

11. Additionally, nothing in this Agreement is intended to affect or bind, nor will the Agreement be construed to affect or bind: (1) the United States Internal Revenue Service with respect to any liability Defendant has or may have with respect to claims arising under the Internal Revenue Laws, Title 26 of the United States Code; or (2) the United States Department of Justice with respect to any liability Defendant has or may have with respect to claims arising under federal criminal law. Defendant also waives

any defense based in whole or in part on the Double Jeopardy Clause of the Constitution as set forth in the holding or principles of *United States v. Halper*, 490 U.S. 435 (1989).

12.     The Parties will each bear their own costs and attorneys' fees arising out of this action against one another. The Defendant has agreed to proceed in this action without counsel.

13.     Defendant agrees that he will not treat payments made pursuant to this Agreement as a charitable or other business deduction on any federal, state of local income tax return.

14.     The effective date of the Settlement Agreement will be the date on which the last Party has executed it.

15.     This Agreement represents the entire agreement made between the parties and the parties will have no obligations except as expressed herein. This Agreement cannot be later modified except by a written agreement signed by United States and Defendant.

Approved and Consent to Entry of Judgment:

**FOR PLAINTIFF USA:**

NICHOLAS J. GONJEI
ACTING UNITED STATES ATTORNEY

ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
550 Fannin Street, Suite 1250
Beaumont, Texas 77701-2237
Tel:   (409) 839-2538
Fax:   (409) 839-2550
Email:  andrea.parker@usdoj.gov


**FOR DEFENDANT ROBERT L. ADAMS:**

ROBERT L. ADAMS
2428 Anton Drive
Forney, Texas 75126
Tel: (409) 242-7647